UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL A. LEE, JR.,

Plaintiff,

v.                                                        Case No. 21-cv-1332-bhl

DARWIN W. CHENTNIK and
PRAPTI P. KUBER,

Defendants.

## SCREENING ORDER

Plaintiff Michael A. Lee, who is currently serving a state prison sentence at the Redgranite Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Lee's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Lee has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Lee has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $47.60. Lee's motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any

complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §1915A(b).  In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted.  To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).  It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556.  "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Lee alleges that on January 15, 2020, Defendant Dr. Prapti Kuber ordered a solumedrol (steroid) shot and prednisolone forte 1% eye drops to relax the muscles in his eye.  According to

2

Lee, he had an allergic reaction to the shot, which required that he be treated at the local hospital. In response to the allergic reaction, the pharmacy allegedly "red flagged" and discontinued the order for the drops because, according to Lee, they contained the same component as the shot. Dkt. No. 1 at 2-3.

Lee assets that less than a month later, on February 11, 2020, Defendant Darwin Chentnik reordered the eye drops even though he knew about the pharmacy's warning. According to Lee, Chentnik told Lee to stop using the drops if another allergic reaction occurred. Lee explains that Chentnik prescribed the drops because he "felt the shot (solumedrol) and the eye drop (pred forte) were of different components." Dkt. No. 1 at 2-3. Lee does not explain if he used the drops, if he had an allergic reaction to the drops, or if Chentnik offered alternative treatment options.

**THE COURT'S ANALYSIS**

"[T]he Eighth Amendment, as the Supreme Court has interpreted it, protects prisoners from prison conditions that cause the wanton and unnecessary infliction of pain, including . . . grossly inadequate medical care." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019) (quoting *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014)) (internal quotations omitted). The Court uses a two-part test to evaluate whether medical care amounts to cruel and unusual punishment; it asks: 1) "whether a plaintiff suffered from an objectively serious medical condition" and 2) "whether the individual defendant was deliberately indifferent to that condition." *Id*. (quoting *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016) (en banc)). The Court can reasonably infer from Lee receiving treatment for his eye condition that he suffered from an objectively serious medical condition.

The Court cannot, however, reasonably infer that Defendants were deliberately indifferent to that condition. "To be found liable under the Eighth Amendment, a prison official 'must both

3

be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference.'" *Lockett v. Bonson*, 937 F.3d 1016, 1023 (7th Cir. 2019). Nothing in Lee's complaint suggests that Dr. Kuber knew Lee would have an allergic reaction to the shot when she prescribed it. Dr. Kuber cannot be liable for disregarding a serious risk of harm that she did not know existed.

As to Chentnik, "[w]ithin the universe of deliberate indifference cases is a narrower category when a prisoner alleges not that his condition was ignored entirely, but that he received constitutionally deficient treatment for the condition. [The Seventh Circuit has] clarified that these cases are better framed 'not [as] deliberate indifference to a serious medical need,' but as a challenge to 'a deliberate decision by a doctor to treat a medical need in a particular manner.'" *Locket v. Bonson*, 937 F.3d 1016, 1023 (7th Cir. 2019) (quoting *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996)). Lee alleges that Chentnik was aware of the pharmacy's "red flag" but that he believed that the components in the shot and drops were different and so concluded that Lee was unlikely to experience the same allergic reaction. Lee highlights that this decision was inconsistent with the pharmacy's warning, but a "[d]isagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). In fact, even if the pharmacy was correct and Chentnik was not, Lee would have to ultimately show that Chentnik's error was "[s]omething more than negligence or even malpractice" to establish the requisite mental state. *Id.*

Also, in order to succeed in a §1983 lawsuit, "a plaintiff must 'establish not only that a state actor violated his constitutional rights, but also that the violation *caused* the plaintiff injury or damages.'" *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1032 (7th Cir. 2019) (quoting

4

*Roe v. Elyea*, 631 F.3d 843, 864 (7th Cir. 2011)).  Lee does not allege if he used the prescribed drops and, if he did, if he suffered an allergic reaction.  Lee also does not allege if he expressed his concerns to Chentnik and, if he did, if Chentnik offered alternative treatment options.  Without this information, the Court cannot reasonably infer that Lee suffered an injury as a result of Chentnik prescribing the drops.

Admittedly, Lee's allegations are threadbare, so the Court will give him an opportunity to file an amended complaint that provides information he may have omitted from his original complaint because he did not appreciate the significance of that missing information.  Lee should draft his amended complaint as if he is telling a story to someone who knows nothing about his situation, and he should ensure that his amended complaint can be understood by someone who is not familiar with the facts of his case.  An amended complaint will replace the prior complaint, and so it must be complete in itself without reference to the original complaint.  *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998).  If an amended complaint is received, the Court will screen it as required by 28 U.S.C. §1915A.  If an amended complaint is not received, the Court will dismiss this case based on Lee's failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that Lee's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **March 18, 2022**, Lee may file an amended complaint.  If Lee does not file an amended complaint by the deadline or does not explain to the Court in writing why he is unable to do so, the Court will dismiss this case based on his failure to state a claim in his original complaint.

5

**IT IS FURTHER ORDERED** that the Clerk's Office mail Lee a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Lee shall collect from his institution trust account the $302.40 balance of the filing fee by collecting monthly payments from Lee's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Lee is transferred to another institution, the transferring institution shall forward a copy of this Order along with Lee's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Lee is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

6

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will

only delay the processing of the matter.

Lee is further advised that failure to make a timely submission may result in the dismissal

of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any

change of address. Failure to do so could result in orders or other information not being timely

delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on February 17, 2022.

s/ *Brett H. Ludwig*

BRETT H. LUDWIG
United States District Judge