UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

___

MICHAEL A. LEE, JR.,

        Plaintiff,

    v.                                                      Case No. 21-cv-1332-bhl

DARWIN W. CHENTNIK,

        Defendant.

___

## DECISION AND ORDER
___

        Plaintiff Michael Lee, who is serving a state prison sentence at the Redgranite Correctional Institution and representing himself, filed this action pursuant to 42 U.S.C. §1983. On January 9, 2023, Defendant Darwin Chentnik moved for summary judgment on the ground that Lee failed to exhaust the available administrative remedies before bringing this lawsuit. Dkt. No. 55. For the reasons explained in this decision, the Court will deny Defendant's motion.

## BACKGROUND

        Lee is currently incarcerated at the Redgranite Correctional Institution, but during the time relevant to this lawsuit, he was incarcerated at the Racine Correctional Institution, where Dr. Chentnik treated him. On March 6, 2020, the inmate complaint examiner at the Racine Correctional Institution received an inmate complaint from Lee asserting that Dr. Chentnik had re-ordered eye drops even though Lee expressed concerns about a prior allergic reaction. On April 8, 2020, the reviewing authority agreed with the institution complaint examiner's recommendation to affirm Lee's inmate complaint. Lee prepared an appeal on April 10, 2020, and on April 17, 2020, the Office of the Secretary affirmed the appeal. Dkt. No. 19; Dkt. No. 66-1 at 4-12.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

The Prison Litigation Reform Act, which applies to this case because Lee was a prisoner when he brought this lawsuit, provides that a prisoner cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(1). In the Wisconsin prison system, to exhaust available administrative remedies, an inmate must file an inmate complaint through the inmate complaint review system, as outlined in Wis. Admin. Code §DOC 310. Under §DOC 310.12, an inmate who is dissatisfied with the decision may appeal the decision. Inmate complaints and appeals that are submitted outside a 14-day window may be accepted for good cause. DOC 310.07(2), 310.12(6). "Failure to comply with administrative

deadlines dooms the claim except where the institution treats the filing as timely and resolves it on the merits." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). "In that instance the grievance has served its function of inviting prison administrators to take corrective action, and thus the administrative exhaustion requirement has been satisfied." *Id.*

Lee presents evidence showing that he exhausted the administrative remedies before bringing this lawsuit. Defendant argues that the Court should disregard that evidence because Lee withheld those documents despite Defendant requesting them in discovery. Defendant's argument is meritless. Defendant explains that he mailed his first set of written interrogatories and requests for production on October 21, 2022. He notes that, on November 22, 2022, his counsel sent a letter to Lee inquiring about his responses because they were late. But Lee's responses were *not* late. Per the scheduling order, the Court extended the parties' time to respond to discovery requests from thirty days to sixty days. *See* Dkt. No. 37 at 1, n. 1. Thus, assuming a service date of October 21, 2022, Lee's responses were not due until December 20, 2022. Prior to the deadline, on December 8, 2022, Lee responded to Defendant's requests.

Defendant next explains that Interrogatory No. 16 reads: "Have you ever filed a grievance during your time at the Redgranite Correctional Institution? If so, please state the following: (1) the date of the grievance; (2) the grievance's reference number; (3) the details of the grievance; (4) whether there was an appeal to the grievance; and (5) how the grievance was solved." Dkt. No. 49 at 4-5. Lee responded with the following: "Dated: 12/1/2021, reference # RGCI-2021-18260. Details – plaintiff complains about investigations not being conducted at the Redgranite Correctional Institution about confidential PREA matters. The Disposition was 'dismissed' and there was no appeal." Dkt. No. 49 at 5. The obvious problem with Defendant's interrogatory is that it seeks information about grievances Lee filed while at the *Redgranite Correctional*

3

*Institution* even though the events in this case occurred while Lee was incarcerated at the *Racine Correctional Institution*. Defendant did not ask Lee to provide information about grievances he filed at the Racine Correctional Institution, and Lee was not required to provide information that Defendant did not ask for.

Defendant also highlights that he asked Lee to produce "[a]ll grievances [he] has filed, including appeals." Dkt. No. 67-1 at 6. Lee responded, "[s]ee attached medical grievance/ICE report number RCI-2020-4129." *Id*. Lee provided a copy of the institution complaint examiner's recommendation that Lee's inmate complaint about Defendant's conduct be affirmed. *Id*. at 11. Defendant notes that this is the only document that Lee provided in response to Defendant's document request. It is not clear whether at the time Lee responded he had copies of the other documents he filed and received during the administrative review process. But regardless, the Court observes that Defendant's final document request asked Lee to execute an authorization for the release of Lee's medical and prison records. In response, Lee informed Defendant that he received no release. He further stated, "If you would like a release signed by myself, please send another form and I will return it." *Id*. at 6. It is unknown whether Defendant followed up on Lee's responses or mailed Lee an authorization form, but Lee's response informing Defendant that he would sign an authorization giving Defendant access to all his records is inconsistent with Defendant's assertion that Lee intentionally withheld documents. Lee gave Defendant enough information to know that he had filed an inmate complaint at the Racine Correctional Institution (even though Defendant arguably never sought this specific information[1]), and he instructed

---

[1] As written, Defendant's request is vague, overbroad, and seeks irrelevant information because it is not limited by time, place, or topic. Given that Defendant's interrogatories focused on the grievances and appeals Lee filed at the Redgranite Correctional Institution (rather than at the Racine Correctional Institution), it would have been reasonable to assume that Defendant was requesting copies of grievances and appeals filed only at Redgranite. Accordingly, Lee provided *more* information than was requested, further undercutting Defendant's argument that Lee intentionally withheld information.

4

Defendant to send him an authorization so Defendant could have access to all his records. Given Lee's pro se status and limited resources, the Court concludes that his response to Defendant's document request was sufficient.

Finally, in Lee's response to Defendant's proposed findings of fact, he emphatically and repeatedly states that his time at the Dodge and Redgranite Correctional Institutions, and whether he filed grievances while at those institutions, is irrelevant to this lawsuit. Dkt. No. 63 at 1-3. He also clarifies that Defendant "<u>NEVER</u>" treated him at the Dodge Correctional Institution and treated him only at the Racine Correctional Institution. *Id.* at 2. In his own proposed statement of facts, which Defendant did not oppose and are therefore deemed admitted for the purposes of deciding Defendant's motion, Lee establishes that he exhausted the administrative remedies *while he was at the Racine Correctional Institution.* Dkt. No. 64 at 2-3; Civil L. R. 56(b)(3)(B). Defendant never acknowledges his error in focusing only on whether Lee exhausted the administrative remedies while he was incarcerated at the Dodge and Redgranite Correctional Institutions. Instead, Defendant requests that the Court make Lee bear the consequences of Defendant's error by excluding Lee's evidence that he exhausted the administrative remedies before he filed this lawsuit. The Court rejects Defendant's request.

If Defendant wanted information about whether Lee exhausted the administrative remedies while he was at the Racine Correctional Institution, he should have served interrogatories and/or document request specifically seeking that information. Lee was required to provide Defendant with the information he asked for, not the information Defendant should have asked for. Lee has shown that he exhausted the administrative remedies before he brought this lawsuit. Accordingly, Defendant's motion for summary judgment on exhaustion grounds must be denied.

Discovery is set to close on March 20, 2023, and summary judgment motions on the merits may be filed by April 20, 2023. A party desiring additional time to complete discovery may file a motion explaining why it believes it needs more time and how much more time it believes it needs.

**IT IS THEREFORE ORDERED** that Defendant's motion for summary judgment on exhaustion grounds (Dkt. No. 55) is **DENIED**.

Dated at Milwaukee, Wisconsin on March 2, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
