UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL A. LEE, JR.,

        Plaintiff,

        v.                                  Case No. 21-cv-1332-bhl

DARWIN W. CHENTNIK,

        Defendant.

---

## DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

Plaintiff Michael A. Lee, Jr., an inmate at Redgranite Correctional Institution, is representing himself in this 42 U.S.C. §1983 action. He is proceeding on Eighth Amendment and medical malpractice claims based on allegations that Defendant Darwin Chentnik prescribed Lee eyedrops despite knowing Lee was allergic to the main ingredient. On June 20, 2023, Dr. Chentnik moved for summary judgment. For the reasons explained below, the Court will grant the motion and dismiss this case.

### BACKGROUND

At the relevant time, Lee was incarcerated at the Racine Correctional Institution, where Dr. Chentnik, who is an optometrist, provided medical care to Lee. Dr. Chentnik first examined Lee in 2018 in connection with Lee's complaints of burning and watery eyes when he wore his glasses. Over time, Lee continued to experience challenges with his eyes, and Dr. Chentnik prescribed at least two different kinds of eyedrops, but they proved ineffective to address Lee's complaints. On January 9, 2020, in response to Lee's complaints of watery eyes, Dr. Prapti Kuber gave Lee a Solumedrol injection and placed an order for prednisolone forte 1% eyedrops. According to Lee,

Dr. Kuber told him that the injection and the eyedrops contained essentially the same chemical compounds. Lee asserts that, later that night, he experienced nausea, dizziness, shortness of breath, tightness in his chest, and an inability to stand or walk. Lee was taken to the emergency room, where he was informed he had experienced an allergic reaction. Lee asserts that the pharmacy "red-flagged" the eyedrops and cancelled the order. Dkt. No. 19 at 2-3; Dkt. No. 99 at ¶¶1, 7, 15-16; Dkt. No. 100 at ¶¶2-3; Dkt. No. 97-1 at 8; Dkt. No. 85-1 at 158.

On January 15, 2020, Lee had an appointment with Dr. Chentnik, at which time he renewed the order for prednisolone forte 1% eyedrops. Dr. Chentnik overrode the pharmacy's red flag, noting that the eyedrops were "an external medication and should not elicit the same response as a steroid shot with other substances in the solution." He further stated, "[i]f a reaction occurs, [Lee should] stop drop[s] immediately." About two weeks later, on January 29, 2020, Lee was again examined by Dr. Chentnik, who noted that Lee had not started the eyedrops because he was afraid of an allergic reaction. Dr. Chentnik confirmed the order to the pharmacy. He again noted that Lee should stop the drops if he experienced an allergic reaction. Lee received the eyedrops on February 11, 2020, and he was taken to health services the next day following an adverse reaction. Lee asserts that he experienced the same adverse reaction as well as blurred vision, seeing double and black dots, headaches, and burning and itching sensations. Dtk. No. 19 at 3; Dkt. No. 84 at ¶5; Dkt. No. 99 at ¶¶40-41; Dkt. No. 100 at ¶¶5-10; Dkt. No. 97-1 at 10-11.

**LEGAL STANDARD**

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A

2

dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co*., 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

## ANALYSIS

Lee asserts that Dr. Chentnik violated his rights under the Eighth Amendment because he prescribed eyedrops that he knew contained an ingredient to which Lee had suffered a significant allergic reaction. To prevail on a deliberate indifference claim under the Eighth Amendment, a plaintiff must prove that prison officials intentionally disregarded a known, objectively serious medical condition that posed an excessive risk to the plaintiff's health. *Perez v. Fenoglio*, 792 F.3d 768, 777 (7th Cir. 2015) (citations omitted). "Deliberate indifference 'is more than negligence and approaches intentional wrongdoing.'" *Johnson v. Snyder*, 444 F.3d 579, 585 (7th Cir. 2006) (quoting *Collignon v. Milwaukee Cnty.*, 163 F.3d 982, 988 (7th Cir.1998)). Neither gross negligence nor medical malpractice are sufficient to impose constitutional liability. *Id.* Because liability depends on the official's intent, "[e]ven objectively serious injuries suffered by prisoners, without the requisite *mens rea* on the part of prison officials, will not comprise a constitutional injury." *Harper v. Albert*, 400 F.3d 1052, 1065 (7th Cir. 2005).

3

The Seventh Circuit has clarified that, "[w]ithin the universe of deliberate indifference cases is a narrower category when a prisoner alleges not that his condition was ignored entirely, but that he received constitutionally deficient treatment for that condition." *Lockett v. Bonson*, 937 F.3d 1016, 1023 (7th Cir. 2019). These types of cases are "better framed not as deliberate indifference to a serious medical need, but as a challenge to a deliberate decision by a doctor to treat a medical need in a particular manner." *Id.* (internal punctuation and citations omitted). It has long been held that, in such cases, courts must "defer to a medical professional's treatment decision 'unless no minimally competent professional would have so responded under those circumstances." *Id.* Further, it is important to note that a "disagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment is generally insufficient, by itself, to establish an Eighth Amendment violation." *Id.* (citations omitted).

Dr. Chentnik is entitled to summary judgment on Lee's deliberate indifference claim because, on the record before the Court, no jury could reasonably conclude that he was deliberately indifferent to the risk that Lee would have an allergic reaction to the eyedrops. The record shows that Dr. Chentnik identified the risk and exercised his judgment to determine that an allergic reaction was unlikely because the eyedrops were exponentially less potent than the injection and because they would be only externally applied. *See* Dkt. No. ¶5; Dkt. No. 97-1 at 10-11. Dr. Chentnik made a deliberate decision to treat Lee in a particular manner, and although that decision led to objectively serious injuries, Lee has presented no evidence from which a jury could reasonably conclude that Chetnik's judgment was so out of bounds that no minimally competent professional would have responded as Dr. Chentnik did. To be clear, even if Dr. Chentnik was

4

negligent or grossly negligent in evaluating the risk of an allergic reaction, that does not constitute deliberate indifference. *Snipes v. DeTella*, 96 F.3d 586, 590 (7th Cir. 1996).

Lee points to the emergency doctor's assessment that he suffered an allergic reaction to the injection, but Dr. Chentnik did not prescribe an injection. He prescribed eyedrops and the record confirms the eyedrops differed significantly from the injection both in potency and in mode of delivery. Lee also points to the fact that the pharmacy "red flagged" the eye drops, but Dr. Chentnik explains that pharmacy "red flags" are often overridden by medical professionals. Dkt. No. 84 at ¶4. And it bears noting that, after Dr. Chentnik explained to the pharmacy why he believed an allergic reaction was unlikely, the pharmacy filled the order without further comment. In any event, the mere fact that others may have disagreed with Dr. Chentnik's assessment that an allergic reaction was unlikely is insufficient to establish liability under the Eighth Amendment. Lee argues that Dr. Chentnik should have pursued different eyedrops, but an inmate is not entitled to demand specific care. *See Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006). Dr. Chentnik is therefore entitled to summary judgment on Lee's deliberate indifference claim.

Finally, Dr. Chentnik relies on a single sentence uttered by Lee during his lengthy deposition to argue that Lee has abandoned his state-law medical malpractice claim. Lee insists he has not abandoned that claim. Lee has the better argument. Regardless, the Court need not reach this issue. Because the Court has determined Lee's federal claim must be dismissed, it will relinquish supplemental jurisdiction over Lee's state-law medical malpractice claim. *See* 28 U.S.C. §1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction[.]"); *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 905 (7th Cir. 2007) (noting that district judges are expressly authorized "to dismiss a supplemental claim when the

federal claims have dropped out of the case"). Lee may pursue his state-law claim in state court if he so desires.

**IT IS THEREFORE ORDERED** that Dr. Chentnik's summary judgment motion (Dkt. No. 81) is **GRANTED**. Lee's deliberate indifference claim is **DISMISSED with prejudice** and his state-law claims are **DISMISSED without prejudice**. The Clerk of Court will enter judgment accordingly.

Dated at Milwaukee, Wisconsin on December 1, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.